Haenschen et al. v. Luchtemeyer et al.

————◆————

HAENSCHEN & ORTHWEIN, Appellants, v. FREDERICK LUCHTE-MEYER et al., Respondents.

1. *Agency — Deed of trust — Fraud — Res gestæ.*—The grantor in a chattel deed of trust remained in possession, and failed to have it recorded within the proper time, but requested the recorder to file it for record and return it, saying that there was some trouble about the property and he might wish to alter it. The property being attached in the hands of the grantor, on the claim that the deed was fraudulent, and being replevied by the grantee, the former would be held to have acted as agent of the latter in the transaction with the recorder, and his statements would bind the grantee, in the absence of any proof that the grantor was wrongfully in possession of the property, or that the grantee repudiated his transaction with the recorder.

*Appeal from Jefferson Circuit Court.*

*Abner Green*, for appellants.

I. Brockvogel's declarations were hearsay and incompetent. He was no party to the suit. There was no proof of a fraudulent combination between him and the plaintiffs. The proof shows that the deed of trust was *bona fide*, and that the fraud, if any, was by Brockvogel on plaintiffs.

II. The rule of *res gestæ* does not apply here. His mere possession of the deed is not an act that may be qualified by his declarations, and in point of fact he made none touching his possession.

III. There is no proof of his agency. He says nothing to prove it.

IV. The court erred in its judgment. There was no assessment of the value of the property, nor judgment for its return or to pay its assessed value.

*John L. Thomas*, for respondents.

I. After evidence, as in this case, of a fraudulent combination, the declarations of any one of the parties to it may be proved. (Wilbur v. Strickland, 1 Rawle, 458; Reitenbach v. Reitenbach, *id.* 362.) (Counsel then reviewed the evidence at length to show the deed to have been a fraud.)

II. The declarations of Brockvogel were admissible as part of the *res gestæ*. He was in possession of the deed and the property, and the declarations concerned the recording of the deed. (See Greenl. Ev., § 109; 1 Phil Ev., Cow. & Hill, 150, note 3; *id.* 161.)

III. The declarations were admissible because Brockvogel was acting as plaintiffs' agent. If not their agent, how came he in possession of the deed seven months after its date? Plaintiff does not explain this fact. If he was their agent, his statements at the time of the conversation about the record are admissible. (1 Phil. Ev. 418, notes.)

IV. It nowhere appears that the deed of trust, up to that time, had been delivered, and the declarations of the grantor prior to the

delivery may be given in evidence against the subsequent grantee when the transfer is attacked for fraud. (Hurd v. West, 7 Cow. 752; 18 Wend. 490; Sprague v. Kneeland, 12 Wend. 161.)

V. Any objection to the form of the judgment on the motion to assess damages now comes too late, none having been made in the court below.

CURRIER, Judge, delivered the opinion of the court.

The plaintiffs sue in replevin to recover possession of various articles of personal property, mainly household furniture. They claim title under a deed of trust dated January 30, 1869; and the pleadings show that the deed was executed on that day—that is, signed, sealed and delivered, for the full execution of a deed includes its delivery. The defendants claim under an attachment of the property in a suit against the grantors in the trust deed. Whether this deed was fraudulent as to creditors was the issue submitted to the jury for determination. On the trial the court admitted certain evidence over the plaintiffs' objections. The only question upon this record requiring examination is, was that evidence properly received?

The trust deed is not seriously objected to, as without an adequate consideration; but it was objected to as having been used as a cover to shield the grantor's property from seizure by their other creditors — that is, to hinder and delay them. The effort at the trial on the part of the defendants was to show that such was the purpose of the conveyance on the part of the grantors, and that the grantees and beneficiaries were cognizant of that design.

Upon the face of the deed it appears that it was executed to secure $2,000 present indebtedness, and $8,000 to be thereafter advanced; and that the whole was to be paid in seven months from the date of the deed. The deed was not recorded till September 6, 1869, more than seven months after its execution, and consequently after the maturity of the debt it purports to secure. As against creditors, the recording was a matter of vital moment, since the grantors remained in possession. (Wagn. Stat. 281, § 8.)

On the first of September, the debt being due, Herman Brock-vogel, as the evidence shows, presented the deed at the Jefferson county recorder's office for record, or to be filed for record, desiring the recorder at the same time to mark the deed as received for record, but to return it to him (Brockvogel) without recording, stating that there was some trouble about the property and that he might wish to make some changes in the deed. The recorder declined to accede to this request, and Brockvogel left the office carrying the deed with him. A few days after, the deed was received at the recorder's office by mail from St. Louis, having been transmitted for record by the beneficiaries. There was also evidence tending to show that the deed was held up from record at the suggestion of the grantors, and that the grantors, or one of them, remained in possession of the property down to the date of its seizure under the attachment, the latter part of September, 1869.

Under this state of facts and of the evidence, were Herman Brockvogel's statements to the recorder in reference to the deed, when he presented it for record, competent evidence against the grantees—that is, against the plaintiffs? These statements were admitted by the court, and their admission is the matter complained of as erroneous.

In what character or capacity did Brockvogel act when he presented the deed for record? Did he therein act as the agent of the grantees? If he did, then it does not seem to be questioned but that his declarations in the line of his agency are verbal acts which may be given in evidence against his principals. Brockvogel either acted for himself or the plaintiff. On the face of the transaction, he would seem to have been acting for the plaintiffs. If the deed was in all respects an honest one, it is difficult to see what interest Brockvogel had in the recording. According to the pleadings, the deed had been once delivered to the grantees. Seven months after its execution it is found in the hands of one of the grantors, who presents it for record. How came it there, and why was it offered for record? The plaintiffs do not pretend that Brockvogel was wrongfully in possession of the deed; nor is there the slightest circumstance to show that they repudiated.

his acts in presenting it for record. On the other hand, the facts and circumstances in evidence were abundant, as it seems to us, to warrant the jury in finding that Brockvogel was in possession of the deed with the plaintiff's consent, and that he was expected to have it placed on record when he might consider it desirable or necessary in order to carry out its objects. In other words, there was evidence from which the jury might have found that Brockvogel presented the deed for record as the plaintiff's agent. It is fair to presume that the trial court took that view, and that Brockvogel's declarations were admitted on that ground. It was for the court to decide whether there was any evidence tending to show the fact of agency, but it was for the jury to pass upon its sufficiency. There being facts and circumstances from which the agency might be inferred, it was necessary for the court to rule on the evidence with reference to the contingent finding of the fact of agency by the jury. If the plaintiffs' counsel considered the agency unproved or in doubt, they should have asked the court to instruct the jury to disregard the statements of Brockvogel to the recorder, in case they failed to find that he was acting in the capacity of an agent of the plaintiff when he presented the deed for record. The failure to give such instruction was no error in the court, since no instruction of that kind was asked. The action of the court on the subject of instructions is not complained of, and the judgment will be affirmed. The other judges concur.